HIRSCHFIELD *v.* EMERMAN.

APPEAL AND ERROR—CONTRACTS—FINDINGS OF COURT—WEIGHT OF
EVIDENCE—DAMAGES.

> In action for breach of contract as to used pipe and structural
> irons and rails, tried without a jury, judgment of $2,000 for
> plaintiff *held*, neither excessive nor contrary to the weight of
> the evidence.

Appeal from Bay; Houghton (Samuel G.), J. Submitted April 11, 1935. (Docket No. 117, Calendar No. 38,233.) Decided June 5, 1935. Rehearing denied September 10, 1935.

Action by Joseph C. Hirschfield, doing business as H. Hirschfield Sons, against H. D. Emerman for breach of a contract for the sale of used steel and iron. Judgment for plaintiff. Defendant appeals. Affirmed.

*B. J. Tally* (*Arthur J. Kinnane,* of counsel), for plaintiff.

*E. B. Reese* (*R. L. Crane,* of counsel), for defendant.

BUSHNELL, J. Defendant appeals from a judgment for $2,000 in an action for breach of contract, tried by the court without a jury. Both parties are engaged in buying and selling used iron, steel scrap and metals. Defendant bought over a thousand tons

of such material from a plant that was being dismantled at Bay City, and on August 30, 1933, made the following agreement, which was dictated by plaintiff and signed by the parties:

"Mr. H. D. EMERMAN,
"301 Garfield Ave.,
"City.

"We, H. Hirschfield Sons, here this day agree to buy your accumulation of miscellaneous pipe, 10-ft. and over in length, all rails and I beams 10-ft. and over in length at $13 per net ton, delivered our yard.
"H. D. EMERMAN
"JOSEPH C. HIRSCHFIELD."

Plaintiff claims defendant told him there would be between 75 and 100 tons of the material in question; that he estimated the quantity between 100 and 150 tons, about 1/3 pipe and the balance structural irons and rails; that he informed defendant that he had sold the material and wanted delivery. Plaintiff produced his buyer, who testified that he agreed to pay $40 a ton. Defendant's nephew, an attorney, wrote plaintiff's attorney on September 25, 1933, as follows:

"Mr. H. D. Emerman of this city has requested me to respond to your letter of September 22, 1933, relative to negotiations for 10-ft. pipe and rails.
＊　＊　＊
"It appears that an opportunity presented itself whereby the entire plant could have been sold; and in view of the fact that Mr. Hirschfield was not permitted on the premises, and that further dealings with Mr. Hirschfield would have resulted in some difficulties, it was decided to take advantage of the opportunity to sell in bulk."

Plaintiff called defendant's bulk buyer, Nover, another Bay City scrap and iron dealer, whose offer to deliver was accepted by plaintiff after an attachment suit, not shown in the record, was instituted, who admitted no delivery was ever made. We quote from the statement of the trial judge giving his reasons for a verdict for plaintiff:

"I can't see anything to this case at all. The contract was made and the parties understood it, and the defendant refused and neglected to comply with any phase of it, never did a single act to conform to the contract but shortly afterwards entered into negotiations, inside of three weeks after he had actually entered into agreement to sell and deliver to Mr. Hirschfield, the plaintiff in this case, he sold to another. That was clearly a breach of the contract."

We see no reason to disturb the findings of fact made by the trial court, whose judgment is neither excessive nor contrary to the weight of the evidence.

The judgment is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.